EverHome Mortg. Co. v. Murphy, No. 115-3-10 Bncv (Hayes, J., Dec. 6, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 115-3-10 Bncv |

| | |
|---|---|
| EverHome Mortgage Company,<br> Plaintiff<br><br>v.<br><br>Robert G. Murphy, Antoinette D. Murphy,<br>and Bourn Brook Condominium Assoc.,<br> Defendants | |

DECISION ON MOTION FOR RELIEF FROM JUDGMENT

On April 6, 2011, Judge Wesley issued a judgment and decree of foreclosure by judicial sale. On August 11, 2011, Bourn Brook Condominium Association moved for relief from that judgment order under V.R.C.P. 60(b), arguing that its "super-priority" to the proceeds from any judicial sale should include all unpaid association fees from the filing of the foreclosure action until judicial sale. Robert and Antoinette Murphy owed the Bourn Brook Condominium Association (Association) $9,540.00 in condominium assessments as of September 30, 2011, dating back to 2005, and the Association seeks "super-priority" treatment of $2,950 of those fees. The plaintiff objects to this request, and argues that under 27A V.S.A. § 3-116(c,), the Association is entitled only to unpaid association fees for "the six months immediately preceding institution of an action to enforce the lien."

The statutory language governing the priority of liens is not ambiguous. It provides condominium associations a lien for unpaid assessments, and gives such liens

super-priority over pre-recorded first mortgages "during the six months immediately preceding institution of an action to enforce the lien." 27A V.S.A. § 3-116(b)(3). For all other time periods, the general presumption in 27A V.S.A. § 3-116(b)(2) controls, i.e., whoever is first in time is first in right. First in time, first in right is not only the general presumption in § 3-116(b)(2), but it is also the general presumption in all of secured transaction law. The legislature carved out an exception to that presumption when it created the six-month super-priority period. Such exceptions to common law presumptions should be construed narrowly by courts. *State v. Deyo*, 2006 VT 120 ¶ 16, 181 Vt. 89 ("It is well settled that statutes in derogation of the common law are to be construed narrowly.") (citing 3 Sutherland Stat. Const. § 61.01 (5th ed.1992)).

In support of their positions, the parties have cited to two recent and competing interpretations of Section 3-116(c) in Superior Court, Civil Division cases. *Wells Fargo Bank v. Schunck et al.*, No. 193-4-10 Wmcv, slip op. (Vt. Super. Ct. Apr. 28, 2011) (Wesley, J.); *Vermont Housing Finance Authority v. Coffey et al.*, No. S0367-11 CnC, slip op. (Vt. Super. Ct. Aug. 11, 2011) (Toor, J.).

The *Schunk* opinion notes that "the statutory scheme strikes a careful balance between the secured positions of the first mortgage holder and the condominium associations," and that a literal interpretation of the statute "leads to such unjust results as to require that it be rejected as yielding absurd consequences." 193-4-10 Wmcv at 2. In *Schunk*, the court also focuses on the reality that the foreclosure process in Vermont – and indeed in the country – has tended to take much longer in recent years than it ever has in the past. This fact means that condominium associations are often left in

2

the same position as other secondary creditors with respect to fees that accrue during the pendency of actions. Therefore, the court in that case held that "all unpaid assessments which continue to accrue while the action is pending should be paid first from the proceeds of any sale." *Id.* at 1.

In the *Coffey* decision, the court concluded that "[t]he plain language of the statute is clear and controls this issue." No. S0367-11 CnC, at 4. It held that "it would be presumptuous to introduce new policy considerations to the mix that could add significant additional assessments to the secured lenders' tab." *Id*. at 5.

This court concludes that the *Coffey* decision is the better reasoned and more persuasive argument. The language of the statute is clear, and must be enforced. It is therefore ordered that Bourn Brook is entitled to a super-priority lien over EverHome only for the assessments that accrued between October 25, 2009 and March 25, 2010 when the complaint was filed.

The plaintiff is invited to submit an amended final judgment order that conforms to this opinion within two weeks of this decision.

Dated at Bennington, this 6th day of December, 2011.

_____
Katherine A. Hayes
Superior Judge